**SHAKOURI LAW FIRM**
Ashkan Shakouri, Esq. [SBN 242072]
11601 Wilshire Blvd., Fifth Floor
Los Angeles, California 90025
Telephone: (310) 575-1827
Fax: (310) 575-1890
ash@shakourilawfirm.com

*Attorneys for Plaintiffs*
*Manuel Tobar & Christopher Heard*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL TOBAR, an individual; CHRISTOPHER HEARD, an individual, on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>        v.<br><br>SUNPOWER CORPORATION, a Delaware corporation*;* and DOES 1 - 20, inclusive,<br><br>      Defendants. | Case No:    19-CV-2328<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>1) VIOLATION OF THE FAIR LABOR STANDARDS ACT<br>2) FAILURE TO PAY OVERTIME<br>3) FAILURE TO PAY FOR ALL HOURS WORKED<br>4) FAILURE TO ALLOW REST PERIODS<br>5) FAILURE TO ALLOW MEAL PERIODS<br>6) WAITING TIME PENALTIES<br>7) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS<br>8) UNFAIR BUSINESS PRACTICES<br>9) FAILURE TO PAY MINIMUM WAGE<br>10) FAILURE TO REIMBURSE FOR BUSINESS EXPENSES<br><br>DEMAND FOR JURY TRIAL |

1. Plaintiffs Manuel Tobar ("Plaintiff Tobar") and Christopher Heard ("Plaintiff Heard") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their counsel, bring these claims as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and as a California state class action pursuant to F.R.C.P. Rule 23 against Defendant SunPower Corporation ("Defendant"), and allege as follows:

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer…in any Federal or State Court of competent jurisdiction." Plaintiffs have signed opt-in consent forms to join this lawsuit ("Exhibit A").

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' California State law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business within this District and a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

**PARTIES**

6. Plaintiffs are residents of the State of California. Plaintiff Tobar worked for Defendant in California as a non-exempt installer technician from in or about April 2016 until in or about April 2018. Then from in or about April 2018, Plaintiff Tobar worked for Defendant as an operation and maintenance worker until his separation in or about May 2018. Plaintiff Heard worked for Defendant in California first as a non-exempt installer technician and then as a non-exempt inspection coordinator from in about May 2016 until in or about September 2018.

7. Plaintiffs bring this case on behalf of themselves and others similarly situated, who currently work, or who have worked, in the field, including, but not limited to, installer technicians, field technicians, field support workers, field service workers, electricians, troubleshooting technicians, inspection technicians, inspection coordinators, permit coordinators, foremen and operation and maintenance workers, for Defendant inside and outside of California at any time during the applicable California and federal recovery periods.

8. Defendant designs, manufactures, and installs, among other things, solar panels inside California and across the United States and is an "employer" within the meaning of 29 U.S.C. § 203(d) of the FLSA and under California law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FACTUAL BACKGROUND

9. Plaintiffs and the proposed collective and class members, defined below, are individuals who have worked for Defendant in the field inside California and across the United States during the relevant recovery periods. Among other things, Plaintiffs and the proposed collective and class members shared similar titles, positions, duties, training and/or were subject to similar policies and practices of Defendant.

10. Defendant managed, controlled, dictated and/or ratified Plaintiffs' and proposed collective and class members' work, including the nature and amount of work and the compensation paid to them.

**Failure to Pay for All Hours Worked**

11. Under the FLSA and California law, Defendant was required to pay Plaintiff and proposed collective and class members for all hours worked by them, including payment of overtime when they worked in excess of 40 hours per week. Additionally, Defendant was required to pay Plaintiffs and the proposed class members overtime when they worked in excess of 8 hours a day and double time when they worked in excess of 12 hours a day.

12. During the applicable recovery periods, Defendant violated the FLSA and California law by failing to pay Plaintiffs and the proposed collective and class members for all regular and overtime hours actually worked by them.

Among other things, Defendant automatically deducted pay for their alleged meal periods even when Plaintiffs and the proposed collective and class members worked during that time. In so doing, Defendant also violated the FLSA and California minimum wage laws.

**Failure to Pay Correct Overtime Rates**

13. The regular rate of pay under the FLSA and California law includes all remunerations paid to the employee. During the applicable recovery period, Defendants violated the rights of Plaintiffs and the proposed collective and class members by failing to include all of their remunerations, including their non-discretionary bonuses, such as performance bonuses, production bonuses (e.g. "panel pay"), and/or their quarterly, semi-annual and other periodic bonuses, as part of their regular rate of pay in determining their lawful overtime rate. In so doing, Defendant paid Plaintiffs and the proposed collective and class members less than what they were owed in overtime pay under the FLSA and California law.

**Failure to Provide Meal Periods**

14. Under California law, Defendant was required to provide Plaintiffs and the proposed class members with uninterrupted, off-duty meal periods of at least thirty (30) minutes for each five (5) hour work period. Defendant failed to provide lawful meal periods to Plaintiffs and the proposed class members because, among

other things, it did not schedule their meal periods; it was chronically understaffed; and it imposed so much work on them that it made it unlikely that they would have the opportunity to take their lawful meal periods.

**Failure to Provide Rest Periods**

15. Under California law, Defendant was required to provide Plaintiffs and the proposed class members with an uninterrupted, off-duty rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof. Defendant failed to provide lawful rest periods to Plaintiffs and the proposed class members because, among other things, it did not schedule their rest periods; it was chronically understaffed; and it imposed so much work on them that it made it unlikely that they would have the opportunity to take their lawful rest periods.

**Failure to Reimburse for Business Expenses**

16. Under California law, Defendant was required to reimburse Plaintiffs and the proposed class members for all their necessary expenditures incurred by them in direct consequence of the discharge of their duties.  During the applicable recovery period, Defendants violated the rights of Plaintiffs and the proposed class members by failing to reimburse them for their necessary work-related expenditures, including, but not limited to, the use of their personal mobile phones and the purchase and/or use of their personal tools, equipment and safety shoes.

17. Defendant knew, and was aware at all times, of all of the above-mentioned violations and the conduct alleged above reduced Defendant's labor and payroll costs.

18. Plaintiffs and the proposed collective and class members were subject to Defendant's uniform and systematic unlawful policies and practices and were victims of Defendant's scheme to deprive them of their owed compensation and owed reimbursement for their work-related expenditures. As a result of Defendant's violations of the FLSA and California law, Plaintiffs and collective and class members have suffered lost wages, out of pocket expenses, and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring part of this case as a collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216 to recover unpaid wages, including unpaid overtime, liquidated damages, statutory penalties, attorneys' fees and costs, and all other damages owed to them under the FLSA.

20. The proposed collective class of similarly situated persons is defined as:

> All individuals who worked, or currently work, for Defendant in the field in the United States at any time during the applicable federal recovery period ("Federal Class" or "Federal Class Members").

21. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the Federal Class Members with respect to job titles, positions, duties, training and/or were subject to similar policies and practices of Defendant.

22. Defendant encouraged, suffered and permitted Plaintiffs and the Federal Class Members to work without compensation during their regular hours of work and to work more than 40 hours a week without proper overtime compensation.

23. Defendant knew that Plaintiffs and the Federal Class Members performed work during their alleged meal periods that required additional payment of wages, including overtime pay. Defendant also knew that it was required to include all applicable remunerations, including non-discretionary bonuses, paid to Plaintiffs and the Federal Class as part of their regular rate of pay in determining their lawful overtime rate. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiffs and the Federal Class of owed their owed wages, including overtime pay.

24. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and the Federal Class.

25. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Federal Class. Plaintiffs request that the Court authorize notice to Federal Class Members to inform them of the pendency of this action and their

right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216 (b) for the purpose of recovering unpaid wages, including unpaid overtime pay, liquidated damages, and other relief requested herein.

26. Upon information and belief, Plaintiffs allege that there are a sufficient number of Federal Class Members to justify a collective action. The precise number making up the Federal Class can easily be ascertained by using Defendant's records, including payroll and personnel records. Given the composition and size of the class, the Federal Class may be informed of the pendency of this action directly via mail, email and/or by posting notices in Defendant's offices.

## **CALIFORNIA CLASS ALLEGATIONS**

27. Plaintiffs also bring claims under California law on behalf of themselves and others similarly situated pursuant to 29 U.S.C. § 23(b). The proposed California class is defined as:

> All individuals who worked, or currently work, for Defendant in the field inside California at any time during the applicable California recovery period ("California Class" or "California Class Members").

28. This action is properly maintainable as a class action because:

a. The California Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact that are common to the California Class;

c. The claims or defenses of Plaintiffs are typical of the claims or defenses of the California Class; and

d. Plaintiffs will fairly and adequately protect the interests of the California Class.

## Numerosity

29. Upon information and belief, the total number of the California Class Members is so numerous as to make impracticable to join all of them as plaintiffs. The exact number of the California Class may be determined from Defendant's records, including payroll and personnel records.

## Commonality

30. There are numerous and substantial questions of law and fact common to the California Class, including, but not limited to, the following:

a. Whether Defendant failed to keep accurate records for all hours worked by them;

b. Whether Defendant failed to compensate them for all work it required or permitted them to perform;

c. Whether Defendant made improper deductions from their pay for meal periods not taken;

d. Whether Defendant required them to work during their meal and/or rest periods;

e. Whether Defendant failed to pay premium wages owed to them when it did not permit or authorize them to take their lawful meal and/or rest periods;

f. Whether Defendant failed to compensate them for all overtime hours worked;

g. Whether Defendant failed to include all remunerations, including their non-discretionary bonuses, in their regular rate of pay in determining their lawful overtime rate;

h. Whether Defendant failed to reimburse them for their work-related expenses;

i. Whether they are entitled to restitution of money and/or property that Defendant acquired from them through unfair competition;

j. Whether Defendant failed to provide them with proper wage statements;

k. Whether Defendant willfully failed to comply with California law; and

COLLECTIVE AND CLASS ACTION COMPLAINT

l.      Whether Defendant willfully failed to pay Plaintiffs, and those who ceased working for it during the applicable recovery period, all wages due at the time of their separation.

**Adequacy**

31. Plaintiffs will fairly and adequately protect the interests of the California Class Members. They have retained counsel that is competent and experienced in the prosecution of complex litigation.

**Typical**

32. The claims asserted by Plaintiffs are typical of the California Class Members they seek to represent. Plaintiffs have the same interests and suffered from the same injuries as the California Class Members.

33. Upon information and belief, there is no California Class Member who has an interest to individually control the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such a California Class Member should become known, he or she can "opt out" of this action pursuant to F.R.C.P. Rule 23.

**Common Questions of Law and Fact Predominate and a Class Action Is**

**Superior to Joinder of Claims or Individual Lawsuits**

34. The numerous common questions of law and fact set forth in the commonality section above predominate over individual questions because Defendant's alleged policies and practices complained of herein and their impact affected the California Class Members in the same manner.

35. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will also allow a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each California Class Member may be relatively small, the expenses and burdens of individual litigation would make it difficult for them to bring these claims individually. The presentation of individual actions could also create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of California Class Members to protect their interests.

COLLECTIVE AND CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### [By Plaintiffs and the Federal Class Against Defendant]

36. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

37. Plaintiffs and the Federal Class are similarly situated individuals within the meaning of the FLSA, and more specifically under 29 U.S.C. § 216(b).

38. The FLSA requires employers to pay non-exempt employees their agreed-to hourly wages, which must be no less than the federal minimum wage, for all hours worked. 29 U.S.C. §§ 206 & 207. It also requires employers to pay their non-exempt employees overtime pay, equal to at least 1.5 times their employees' regular rate of pay, for all hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

39. Additionally, under the FLSA the regular rate of pay includes all remunerations for employment paid to, or on behalf of employees–and not simply their base or hourly rate. 29 U.S.C. § 207(e).

40. As alleged above, through its actions, policies and practices, during the applicable statutory period Defendant violated the FLSA by regularly and repeatedly failing to properly compensate Plaintiffs and the Federal Class for their actual time worked. Among other things, Defendant required or permitted

Plaintiffs and the Federal Class to work through their meal periods even though Defendant deducted pay from their paychecks for such worked time. In so doing, Defendant failed to pay Plaintiff and the Federal Class their agreed-to hourly wage, or minimum wage, for work performed during that time.

41. As also alleged above, through its actions, policies and practices, during the applicable statutory period Defendant violated the rights of Plaintiffs and the Federal Class by failing to pay all overtime wages owed to them as a result of not including all of their remunerations, including their non-discretionary bonuses, such as performance bonuses, production bonuses (e.g. "panel pay"), and/or their quarterly, semi-annual and other periodic bonuses, as part of their regular rate of pay in determining their lawful overtime rate.

42. Defendant also willfully failed to compensate Plaintiffs and Federal Class by failing to keep accurate time and wage records for them, including, but not limited to their regular and overtime rate of pay, in order to avoid paying their owed compensation in violation of 29 U.S.C. § 207(e).

43. The foregoing actions of Defendant violated the FLSA.

44. Defendant's actions were willful and not in good faith.

45. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and the Federal Class have suffered and will continue to suffer a loss of income and other damages.

46. Defendant is liable to Plaintiffs and the Federal Class for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME

### [By Plaintiffs and the California Class Against Defendant]

47. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

48. Pursuant to the applicable California Wage Orders and Labor Code § 200, 226, 500, 510 and 1198 at all times relevant hereto, Defendant was required to compensate Plaintiffs and the California Class for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

49. Pursuant to Labor Code § 200, 226, 500, 510, and 1198, Defendant was also required to compensate Plaintiffs and the California Class for all hours worked in excess of twelve (12) hours in any workday at double their regular rate of pay.

50. Plaintiffs and the California Class were non-exempt employees entitled to the protections of the applicable California Wage Orders and Labor Code § 200, 226, 500, 510, and 1198. During the course of Plaintiffs' and the California

Class's employment, Defendant failed to properly compensate them for overtime hours worked as required under California law.

51. Under the applicable California Wage Orders, statutes, and regulations, Plaintiffs and the California Class are entitled to one and one half (1½) times and/or double their regular rate of pay for overtime work performed during the applicable recovery period based on appropriate calculations of the total remuneration for each workweek.

52. In violation of California law, Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the California Class for all overtime wages earned and all overtime hours worked. As a direct result, they have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such unpaid wages, incurred expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under California law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

53. Defendant's conduct described herein violates Labor Code § 200, 226, 500, 510 and 1198. Therefore, pursuant to Labor Code § 200, 203, 218.5, 226, 558, and 1194, Plaintiff and the California Class are entitled to recover the unpaid balance of overtime compensation. Defendant also owes them and civil penalties

(including the penalties described in Labor Code § 558 and other statutory penalties) plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED

**[By Plaintiffs and the California Class Against Defendant]**

54. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

55. At all times relevant herein, Defendant was required to compensate their hourly employees for all hours worked pursuant to the applicable California Wage Orders and Labor Code §§ 200, 226, 500, 510, 1197 and 1198.

56. At all times relevant hereto, Defendant failed to compensate Plaintiffs and the California Class for all hours worked by not compensating them for their work.

57. Under the applicable California Wage Orders, statutes, and regulations, Plaintiffs and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, during the applicable recovery period, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code § 218.5, and penalties pursuant to Labor Code §§ 203 and 226.

58. In violation of California law, Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the California

Class for all wages earned and all hours worked. As a direct result, they have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such unpaid wages, incurred expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under California law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

59. Defendant's conduct described herein violates Labor Code § 200, 226, 500, 1197 and 1198, and the applicable California Wage Orders. Therefore, pursuant to Labor Code §§ 203, 218.5, 226, 558, 1194 and 1194.2, Plaintiffs and the California Class are entitled to recover damages for the nonpayment of wages of all hours worked in addition to penalties, reasonable attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

## FAILURE TO ALLOW REST PERIODS

**[By Plaintiffs and the California Class Against Defendant]**

60. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein

61. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

62. The applicable California Wage Orders require that employers authorize or permit non-exempt employees to take uninterrupted, off-duty rest periods that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must at least be ten (10) minutes for each four-hour work period, or major fraction thereof.

63. Pursuant to Labor Code § 226.7, if an employer fails to authorize or permit an employee a rest period in accordance with the applicable California Wage Orders, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided.

64. Throughout the applicable recovery period, Defendants failed to authorize or permit Plaintiffs and the California Class to take their rest periods as required under Labor Code § 226.7 and the applicable California Wage Orders. Defendant did so, in part, by impeding, discouraging and/or dissuading Plaintiffs and the California Class from taking their lawful rest periods.

65. Pursuant to California Labor Code § 226.7, Plaintiffs and the California Class are entitled to recover one additional hour of pay at their regular rate of pay for each workday rest periods were not authorized or permitted by Defendant. Defendant also owes Plaintiffs and the California Class civil penalties (including

those under Labor Code § 558) plus interest, attorneys' fees, incurred expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

## FAILURE TO ALLOW MEAL PERIODS]

### [By Plaintiffs and the California Class Against Defendant]

66. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

67. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

68. Labor Code § 512(a) provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

69. During the applicable recovery period, Defendant failed to authorize or permit Plaintiffs and the California Class to take their first meal periods when they worked in excess of five (5) hours, as required under Labor Code §§ 226.7, 512, and the applicable California Wage Orders. Defendant did so, in part, by impeding, discouraging and/or dissuading Plaintiffs and the California Class from taking their lawful first meal periods.

70. During the applicable recovery period, Defendant failed to authorize or permit Plaintiffs and the California Class to take their second meal periods when they worked in excess of ten (10) hours, as required under Labor Code §§ 226.7, 512, and the applicable California Wage Orders. Defendant did so, in part, by impeding, discouraging and/or dissuading Plaintiffs and the California Class from taking their lawful second meal periods.

71. Pursuant to California Labor Code §§ 226.7 and 512, Plaintiffs and the California Class are entitled to recover one additional hour of pay at their regular rate of pay for each workday rest periods were not authorized or permitted by Defendant, in addition to compensation for time worked during these missed meal periods. Defendant also owes Plaintiffs and the California Class civil penalties (including those under Labor Code § 558) plus interest, attorneys' fees, incurred expenses, and costs of suit.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### [By Plaintiffs and the California Class Against Defendant]

72. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

73. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after said employee is discharged or quits. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

74. During the applicable recovery period, Plaintiffs and some of California Class Members ceased working for Defendant a result of being discharged or having voluntarily resigned.

75.  While working for Defendant, Plaintiffs and California Class Members were, among other things, entitled to: regular and overtime compensation for all hours worked, premiums owed for their missed meal and rest periods, as fully set forth in this Complaint.

76. Defendant failed to pay all owed wages due to Plaintiffs and the California Class who ceased working for Defendant. Defendant is required to pay

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs and these California Class Members all unpaid wages and an additional penalty equal to each of their daily earnings up to an amount equal to 30 days' pay.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

**[By Plaintiffs and the California Class Against Defendant]**

77. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

78. Labor Code § 226(a) sets forth reporting requirements for employers when paying wages, including that every employer shall furnish each of his or her employees an itemized statement in writing showing: (1) gross wages earned, and (2) total hours worked by the employee, (3) net wages earned, (4) all applicable hourly rates in effect during the pay period, and (5) the corresponding number of hours worked at each hourly rate.

79. Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

80. Defendant knowingly and intentionally did not provide Plaintiff and the California Class with wage statements accurately displaying the information required by Labor Code § 226(a), including, but not limited to, regular and overtime rates of pay.

81. As a direct and proximate result of Defendant's conduct as alleged above, Plaintiffs and the California Class are entitled to a civil penalty of fifty dollars ($50) for the initial pay period and one hundred dollars ($100) for each subsequent pay period in which Defendant violated the reporting requirements of Labor Code § 226, up to a maximum of $4,000.

82. Additionally, under Labor Code § 226.3, Defendant is subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the records required under Labor Code § 226(a).

<u>**EIGHTH CAUSE OF ACTION**</u>

**UNFAIR BUSINESS PRACTICES**

**[By Plaintiffs and the California Class Against Defendant]**

83. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

86. Defendant has engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in this Complaint by requiring Plaintiff and the California Class to perform the labor complained of herein without proper compensation. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over their competitors.

87. Plaintiffs and the California Class seek full restitution and disgorgement of monies and/or property, as necessary and according to proof, to restore any and all monies and/or property withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein. Plaintiffs and the California Class seek, on their own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

88. Plaintiffs and the California Class are informed and believe and on that basis allege that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by Business and Professions Code §§ 17200 *et seq.*, including those set forth in the Complaint herein, thereby depriving Plaintiffs and the California Class, and other members of the general public the minimum working condition standards and conditions due to them

under the California labor laws and the applicable California Wage Orders as specifically described herein.

89. Plaintiff and the California Class are further entitled to and do seek both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendant from engaging in any of such business practices in the future. Such misconduct unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all California Class Members in that Defendant will continue to violate these California laws, represented by labor statutes and the applicable Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiffs and Plaintiff Class have no other adequate remedy at law to ensure Defendant's future compliance with the California labor laws and the applicable Wage Orders alleged to have been violated herein.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE

### [By Plaintiffs and the California Class Against Defendant]

90. Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

91. Pursuant to Labor Code §§ 1194, 1194.2 and 1197, it is unlawful for an employer to suffer or permit an employee to work without paying wages at the proper minimum wage for all time worked as required by the applicable California Wage Orders, which provide that all "hours worked" include "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

92. During the applicable recovery period, Plaintiffs and the California Class were suffered, permitted, and required by Defendant to perform work for which they received no pay.

93. As a direct and proximate result of Defendant's failure to pay Plaintiffs and the California Class the minimum wage, they were damaged in the amount of unpaid minimum wages.  Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiffs and the California Class are entitled to recover the full amount of unpaid minimum wages, liquidated damages in an equal amount, interest, incurred expenses and attorneys' fees, all in a total amount subject to proof at time of trial.

94. The aforementioned acts by Defendant was intentional, with the intention on the part of the Defendant to deprive Plaintiffs and the Plaintiff Class of their property and/or legal rights and causing injury to them.

## **TENTH CAUSE OF ACTION**

### **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**

### **[By Plaintiffs and the California Class Against Defendant]**

95. Plaintiff hereby incorporates by reference all other allegations contained in this Complaint as though fully set forth herein.

96. Labor Code § 2802 (a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

97. During the applicable recovery period, Defendant did not reimburse Plaintiff and the California Class for their necessary work-related expenditures, including, but not limited to, the use of their personal mobile phones and the purchase and/or use of their personal tools, equipment and safety shoes.

98. As a direct and proximate result of Defendant's failure to reimburse Plaintiffs and the California Class, they have been injured in an amount to be proven at trial. They are entitled to recover reimbursement for these necessary

work-related expenditures, and to recover their incurred costs, plus penalties, as permitted under California law.

## **PRAYER**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, prays for relief and judgment against Defendant as follows:

1. Certification of this action as a class action on behalf of each of the classes alleged in this complaint;

2. For general damages, according to proof, on each cause of action for which such damages are available;

3.  For compensatory damages, according to proof, on each cause of action for which such damages are available;

4. For punitive damages, according to proof, on each cause of action for which such damages are available;

5. For restoration and restitution of lost wages, reimbursements, statutory penalties, and all other remedies afforded under the Labor Code on all causes of action for violation of the Labor Code;

6. For declaratory and injunctive relief as requested herein;

7. For prejudgment and post-judgment interest according to law;

8. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

9. For costs of suit incurred in this action;

10. Disgorgement of all gains unjustly acquired by Defendant; and

11. For such other and further relief as the Court deems proper and just.

Dated:  March 27, 2019                     Respectfully submitted,
                                           SHAKOURI LAW FIRM


                                      By: _Ashkan Shakouri_
                                           Ashkan Shakouri, Esq.
                                           Attorneys for Plaintiffs


## **DEMAND FOR JURY TRIAL**


Plaintiffs demand a jury trial on issues triable to a jury.


Dated:  March 27, 2019                     Respectfully submitted,
                                           SHAKOURI LAW FIRM


                                      By: _Ashkan Shakouri_
                                           Ashkan Shakouri, Esq.
                                           Attorneys for Plaintiffs

COLLECTIVE AND CLASS ACTION COMPLAINT